**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

September 22, 2023

Kenneth M. Roseman, Esquire
1300 N. King Street
P.O. Box 1126
Wilmington, DE 19899

Nancy Chrissinger Cobb, Esquire
Three Mill Road, Suite 301
Wilmington, DE 19806

Re: *Sobers Brooks v. Shannon Laird*
Case No.: N21C-09-120 VLM

Dear Counsel:

On August 22, 2023, this Court heard oral arguments on Defendant's Motions for Leave to Interplead a Portion of the Settlement/Judgment Proceeds [1] and Costs.[2] For the reasons further stated below, as to the former motion, immediately after oral arguments, that Motion was **GRANTED,** as it relates to a Florida judgment regarding Plaintiff's child support lien. As to the latter motion, this Court deferred its decision. For the reasons stated below, Defendant's Motion for Costs is also **GRANTED**.

On June 26, 2023, Defendant filed an Offer of Judgment[3] in the amount of $320,000, which Plaintiff rejected.[4] The parties also entered into a high/low agreement of $250,000 and $1,250,000.[5] Trial began on July 10, 2023 and a jury returned a verdict in favor of Plaintiff and awarded damages in the amount of

---

[1] D.I. 53.
[2] D.I. 54.
[3] D.I. 40.
[4] D.I. 54, ¶ 3.
[5] D.I. 53, ¶ 1.

1

$15,000.[6]  As a result of the jury's verdict, the parties' side high/low agreement now obligates Defendant to pay Plaintiff $250,000.[7]

Plaintiff has two sons to whom he owes child support.[8]  Both children and the children's mothers (Floyd and Gayle) live in Florida.[9]  On June 26, 2023, counsel for Floyd forwarded a copy of a judgment from the 11th Judicial Circuit Court of Florida in the amount of $49,256.10 and told Defendant's counsel "no disbursement of settlement funds until this Priority Lien is satisfied."[10]  On June 27, 2023, Floyd's counsel filed a Motion for Registration and Enforcement of a Foreign Judgment *in this Court* (N23J-02394 *Shakia Floyd v. Sobers Brooks*).

On July 24, 2023, Defendant filed her Motion for Leave to Interplead a Portion of the Settlement/Judgment Proceeds,[11] seeking leave to deposit $72,347.35 in this Court, which includes the above-mentioned child support figure ($49,256.10) plus a "Purge Payment Owed" of $3,000.00, attorney's fees in the amount of $19,591.25, and court costs of $500.[12]  Defendant further asks the Court to issue an order enjoining Plaintiff from executing the $15,000 judgment, and attorney's fees related to this Motion.[13]  On July 26, 2023, Defendant also filed a Motion for Costs.[14]

On August 11, 2023, Plaintiff filed one response to both motions and argues no deductions should be taken from the agreed upon $250,000 because neither the lien nor costs was negotiated nor included as a contractual provision of the high/low agreement.[15]  He argues that this Court should not enforce a contractual provision that does not exist.[16]  The Court heard both Motions on August 22, 2023. The matter is ripe for review.

---

[6] D.I. 52.
[7] D.I. 53, ¶ 5.
[8] D.I. 53, ¶ 5.
[9] *Id.*, ¶ 2.
[10] *Id.,* ¶ 3.
[11] D.I. 53.
[12] *Id.,* ¶ 8.
[13] *Id.* at 4-5.
[14] D.I. 54.
[15] D.I. 58, at 2.
[16] *Id.* at 3.

## CHILD SUPPORT LIEN

Counsel for both sides admit having little knowledge regarding Family Court matters related to child support. Yet both concede that the issue of Plaintiff's child support arrearages is not a surprise. Defendant received a notice of a child support lien from the Florida Division of Child Support Services as to Floyd and provided a copy of this notice to Plaintiff's counsel on June 30, 2022.[17] Plaintiff's sworn interrogatory answers also reflect concessions that he owes child support to Gayle.[18]

Fortunately, this is not a family law issue. Rather, the issue before this Court is not whether Plaintiff has any obligation to address the child support arrearage but whether Defendant is obligated to do so. The applicable law is therefore found under 11 *Del. C.* § 2215(g)(2)(b) that provides:

> Any person . . . making *any payment* or settlement in full or partial satisfaction of any claim, counterclaim, cross-claim, or other action or suit *after* the receipt of the notice of lien is liable to the Director [of the Division of Child Support Services], as payee of the child support order, in an amount equal to the lesser of the payment or settlement or the child support arrears or retroactive support. The Director may enforce the child support lien in an action in the Family Court against any person, firm, or corporation, including an insurance carrier, making the payment or settlement.[19]

Defendant, having been placed on notice, may be liable for Floyd's child-support lien if she makes any payment in satisfaction of its obligation directly to Plaintiff. Defendant's request to interplead is appropriate both to shield her from the potential of double or multiple liability and allow Plaintiff and Floyd to settle among themselves the rights and claims to the interplead amounts deposited.

For the reasons stated on the record, Defendant's Motion for Leave to Interplead a Portion of the Settlement/Judgment Proceeds is **GRANTED,** to require Plaintiff and Shakia Floyd to interplead and settle between themselves. Plaintiff is enjoined from executing the $15,000 Judgment entered against Defendant.

---

[17] D.I. 53, ¶ 2, Ex. B.
[18] *Id.*, ¶ 4.
[19] 11 *Del. C.* § 2215(g)(2)(b).

## COSTS AND EXPERT FEES

As to Defendant's Motion for Costs, it is well-settled in Delaware that Defendant is entitled to have her costs, including attorney's fees and expert fees, assessed against Plaintiff.[20]  Therefore, since Plaintiff received a verdict of $15,000 that was less than the Offer of Judgment of $320,000, under Superior Court Civil Rules 54 and 68, Defendant seeks to deduct her costs, including her expert fees of Drs. DiBenedetto and Brooks.  Plaintiff objects to the deduction and asks the Court to look instead to the high-low agreement.  He contends no obligation is due where the recovery of said costs was neither negotiated nor included as a contractual provision of the high-low agreement.[21]  This Court disagrees.

No authority has been presented in support of Plaintiff's position except for a Superior Court's determination in *Speidel v. St. Francis Hosp., Inc,*[22] which is unavailing.  There, the relevant issue was whether plaintiffs were entitled to interest related to an arbitrator's decision after payment was delayed on that parties' high-low arbitration agreement.[23]  That Court denied the plaintiffs' motion because the arbitration agreement made no provision for post-award interest and therefore the plaintiffs were not entitled to the same.[24]  *Speidel* is distinguishable.

*Speidel* resolved through ADR with an agreement reached *in lieu* of trial and did not implicate the Superior Court Civil Rules.  Here, the parties reached a side deal through the high-low agreement solely to minimize the parties' risks *of* trial, namely the result *(i.e.*, the jury's verdict.)  And the agreement did just that where the obligations under the high-low agreement were triggered by that verdict.

Yet, more importantly, unlike *Speidel,* the jury's verdict also triggered a determination regarding cost allocation, established not by the high-low agreement but rather by the election of the parties, as permitted by our rules.  Before trial started, the provisions of Superior Court's Civil Rules 54 and 68 were in effect after Defendant offered—and Plaintiff rejected—the Offer of Judgment of $320,000.  So,

---

[20] *See* Del. Super. Ct. R. 68 ("At any time more than 10 days before the trial begins a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued."); see also Del. Super. Ct. R. 54 (stating that the costs include court reporter fees, witness fees, expert witness fees, and attorney fees.).

[21] D.I. 58, at 2.

[22] *Speidel v. St. Francis Hosp., Inc.*, 2003 WL 21524694 (Del. Super. Ct. July 3, 2003).

[23] *Id.*

[24] *Id.*

when the parties elected to proceed to trial, both sides assumed the risks of so doing, including that either might be obligated to incur their opponent's costs and fees. And although Plaintiff protected himself through this side high-low agreement to mitigate his risks of trial, he failed to negotiate a release from the exposure he faced when he rejected Defendant's Offer of Judgment and the jury's verdict ended up being less than that offer.

To accept Plaintiff's argument that Defendant failed to negotiate a provision to *include* these terms into the high-low agreement would require this Court to ignore the civil rules and read more into their side agreement. In the absence of any authority to suggest otherwise, Plaintiff fails to establish why the Court should reject the application of the civil rules in his favor. He further fails to provide support for why the Court should interpret the parties' high-low agreement to be anything more than one of risk aversion, not cost allocation. If either side sought to release the other from the accrual of costs under Rule 68, then they could have so negotiated in their side deal. Neither did. Accordingly, since Plaintiff rejected the Offer of Judgment and the jury's verdict was lower than that offer, Plaintiff is responsible for costs and fees under the applicable civil rules.

Plaintiff further challenges Dr. DiBenedetto's expert fee. Under Delaware Superior Court Civil Rule 54(d), the prevailing party is entitled to costs, unless the Court directs otherwise.[25] Costs are awarded as a matter of judicial discretion.[26] Under 10 *Del. C.* § 8906, the fees for experts testifying on deposition are taxed as costs. The requested fee of $4,500 for Dr. DiBenedetto is not excessive, especially where so much of his time in deposition was spent defending his expert fees on cross-examination. Similarly, Dr. Brooks' fee of $1500 is reasonable.

Defendant's Motion for Leave to Interplead a Portion of the Settlement/Judgment Proceeds is **GRANTED,** and Defendant's Motion for Costs is **GRANTED.**

**IT SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[25] *Martin v. Nixon*, 2022 WL 1123389, at *2 (Del. Super. Apr. 13, 2022) (citing Del. Super. Ct. Civ. R. 54(d)).

[26] *Burton v. Kyle*, 2016 WL 1421272, at *2 (Del. Super. Mar. 24, 2016) (citing *Donovan v. Del. Water & Air Res. Comm'n*, 358 A.2d 717, 722 (Del. 1976)).